UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

___

JOHNNY STEWART,

        Plaintiff,        Case No. 1:12-cv-718

v.        Honorable Gordon J. Quist

MUSKEGON HEIGHTS
POLICE DEPARTMENT et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff has paid the entire filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915A. The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed on immunity grounds and for failure to state a claim.

### Factual Allegations

Plaintiff presently is incarcerated as a pretrial detainee at the Muskegon County Jail. In his *pro se* amended complaint, Plaintiff sues the Muskegon Heights Police Department, the

Muskegon County Prosecutor's office, the Michigan Department of Forensics[1] and the Muskegon County Jail.

Plaintiff alleges the following constitutional violations in his complaint (verbatim):

1. On 4-27-12 I was detained by the Muskegon Heights Police Dept. At the time the clothes I was wearing had multiple bleach stains and the police believed these stains were blood. They then obtained a search warrant and proceeded to search my residence. After doing so they found a .38 revolver and subsequently charged me with a felony firearm possession.

2. After multiple requests to the State Forensics Dept. to analyze the stains on my clothing to obtain a DNA sample, I still have not received any information or report from them. I believe my attorney has recieved something as he has stated that they were unable to find any DNA but I have personally written to the Dept multiple times with no response.

3. The Muskegon County Prosecutor's office is keeping me incarcerated with a $150,000 bond. They attempted to hold a jury trial without the forensic evidence in the hopes that I would accept a plea bargain. When speaking with my attorney, even he agrees that it seems they are holding me hostage as they have no suspects in their murder case.

4. I have written multiple grievances to the Medical Dept here of which I am supposed to be receiving medication. I also suffer from back and liver complications. I was seeing a doctor for these issues before I was incarcerated but have not been allowed to see one since I was taken into custody. For reasons unknown to me they have stopped allowing me to receive my anxiety medication which has resulted in me suffering multiple severe anxiety attacks some of which has made it difficult for me to breathe.

(Am. Compl., docket #5, Page ID#14.)

For relief, Plaintiff requests to be released from custody and to be allowed to see his doctor for his medical conditions.

---

[1] The Michigan Department of Forensics is a division of the Michigan State Police. It is called the Michigan State Police Forensic Science Division. *See* http://michiganforensics.org. For purposes of this opinion, the Court will refer to it as the Michigan State Police Forensic Science Division.

**Discussion**

I. <u>Immunity</u>

    A. **Muskegon County Prosecutor's Office**

Plaintiff sues the Muskegon County Prosecutor's office for "attempting to hold a jury trial" in order to encourage Plaintiff to plead guilty. (Am. Compl., docket #5, Page ID#14.) The prosecutors in the Muskegon County Prosecutor's office are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff. The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer, which are not accorded absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997). The Sixth Circuit has also held that plea bargaining falls within the protected prosecutorial function of advocating for the State.

*See Cady v. Arenac Cnty.*, 574 F.3d 334, 341 (6th Cir. 2009) ("Conduct associated with plea bargains has long been held by this court to be 'so intimately associated with the prosecutor's role as an advocate of the State in the judicial process as to warrant absolute immunity.'") (quoting *Cole v. Smith*, No. 97-5964, 1999 WL 685940, at *2 (6th Cir. Aug. 24, 1999)). Obviously, the decision by the Muskegon County Prosecutor's office to prosecute Plaintiff is part of the prosecutor's role as an advocate. Accordingly, the Muskegon County Prosecutor's office is entitled to immunity.

### B.  Michigan State Police Forensic Science Division

Plaintiff may not maintain a § 1983 action against the Michigan State Police Forensic Science Division. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan (acting through the Michigan State Police) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan State Police Forensic Science Division.

### II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Municipal Liability**

In his *pro se* complaint, Plaintiff argues that he was denied medical attention at the Muskegon County Jail and claims that the Muskegon Heights Police Department wrongly searched his residence. The Muskegon County Jail and the Muskegon Heights Police Department, however, cannot be sued in their own right. The Muskegon County Jail is a building, not an entity capable of being sued in its own right. *See Travis v. Clinton Cnty. Jail,* No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011). Moreover, a police department does not exist as a separate legal entity; it is simply an agent of the city. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 428-30 (6th Cir. 2005). Construing Plaintiff's *pro se* complaint liberally, *see Haines*, 404 U.S. at 520, the Court assumes that Plaintiff intended to sue Muskegon County, the entity responsible for the operation of the Muskegon County Jail, and the City of Muskegon Heights, the entity responsible for the police department.

A municipality may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving,* 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local

government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

### 1. Muskegon County Jail

In matters pertaining to the conditions of the jail and to the operation of the deputies, the sheriff is the policymaker for the county. MICH. COMP. LAWS § 51.75 (sheriff has the "charge and custody" of the jails in his county); MICH. COMP. LAWS § 51.281 (sheriff prescribes rules and regulations for conduct of prisoners); MICH. COMP. LAWS § 51.70 (sheriff may appoint deputies and revoke appointments at any time); *Kroes v. Smith*, 540 F. Supp. 1295, 1298 (E.D. Mich. 1982) (the sheriff of "a given county is the only official with direct control over the duties, responsibilities, and methods of operation of deputy sheriffs" and thus, the sheriff "establishes the policies and customs described in *Monell*"). Thus, the Court looks to the allegations in Plaintiff's complaint to determine whether Plaintiff has alleged that the sheriff has established a policy or custom which caused Plaintiff to be deprived of a constitutional right.

Plaintiff argues that he was denied medical attention at the Muskegon County Jail. Plaintiff's action, however, fails at the first step because his allegations have not identified a policy or custom to deny him necessary medical care. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the policymaker. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy that deprived him of a constitutional right.

Plaintiff also has not identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among

> various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted). Thus, Plaintiff has failed to allege that the sheriff had a policy or custom that caused Plaintiff to be deprived of constitutionally adequate medical care.

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action when plaintiff's allegation of policy or custom was conclusory, and plaintiff failed to allege facts tending to support the allegation). Therefore, Plaintiff fails to state a claim against the Muskegon County Jail.

### 2. **Muskegon Heights Police Department**

For matters pertaining to the operation of the Muskegon Heights Police Department, the Court assumes that the Chief of Police is the policymaker for the City of Muskegon Heights. As previously stated, the first step in a municipality liability claim is the finding of a policy or custom. *See Claiborne Cnty.*, 103 F.3d at 509. Plaintiff claims that the Muskegon Heights Police Department obtained an invalid search warrant for his residence in violation of his constitutional rights. However, Plaintiff's action fails to identify an official policy or custom authorizing illegal searches. *Monell*, 436 U.S. at 690 (defining policy); *Claiborne Cnty.*, 103 F.3d at 507 (defining custom). Accordingly, Plaintiff's action fails to state a claim against the Muskegon Heights Police Department.

### B. *Younger* Abstention Doctrine

Even if Plaintiff had identified an appropriate Defendant in his action, this Court would abstain from addressing Plaintiff's claims under the principles enunciated in *Younger v.*

*Harris*, 401 U.S. 37 (1971). Plaintiff challenges his incarceration as a pretrial detainee charged with felony-firearm possession. In his complaint, Plaintiff alleges that the search warrant executed on his home was invalid. He also complains that he has been unable to obtain DNA samples of the bleached stains on his shirt. Plaintiff's allegations all relate to his arrest and the pending state prosecution in Muskegon County.

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court should abstain from addressing Plaintiff's claims under the *Younger* abstention doctrine. In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is no dispute that there was an ongoing state judicial proceeding when Plaintiff filed his complaint. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting his federal claims in the pending state court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention is therefore appropriate in the absence of one of three exceptions to the *Younger* abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Here, Plaintiff has not made any allegations suggesting that the state proceeding was motivated by a desire to harass him or was conducted in bad faith. Plaintiff also does not challenge the constitutionality of the statute under which he has been charged. Finally, Plaintiff's allegations are wholly insufficient to demonstrate an extraordinary need for immediate relief. Accordingly, Plaintiff's complaint must be dismissed.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on immunity grounds and for failure to state a claim pursuant to 28 U.S.C. §1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: September 28, 2012           /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE